IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18–cv–01098–PAB–KMT

MAXINE SHEPARD,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS,
UNITED STATES DEPARTMENT OF DEFENSE, and
ST. DAVID'S MEDICAL CENTER,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendant St. David's Healthcare Partnership, L.P., LLP d/b/a St. David's North Austin Medical Center's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim" (Doc. No. 9 [Mot. Dismiss], filed May 31, 2018). Plaintiff filed her response on June 13, 2018 (Doc. No. 11 [Resp. Mot. Dismiss]), and Defendant filed its reply on June 27, 2018 (Doc. No. 12 [Reply Mot. Dismiss]).

### STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, filed her original Complaint on May 8, 2018, asserting jurisdiction pursuant to the following five federal statutes: (1) 28 U.S.C. § 1346(b), jurisdiction as to the United States as a Defendant; (2) 38 U.S.C.§ 1151, benefits for veteran's disability; (3) 42 U.S.C § 12182, Americans with Disabilities Act prohibition of discrimination by a public

accommodation; (4) 42 U.S.C. § 1983, civil action against a state actor; and (5) 7 U.S.C. § 2131–§ 2157, the Animal Welfare Act of 1966.  (Doc. No. 1 [Compl.].)  On May 17, 2018, Plaintiff filed her First Amended Complaint, in which her allegations against the defendants are contained in the following paragraph:

> The Defendants have engaged in outrageous, negligent and illegal conduct that should be punished to the maximum extent under the law.  The Defendants, the Department of Veterans Affairs, unlawfully implanted Plaintiff, Maxine Shepard with microchips, caused harm to her daughter, and unlawfully entered Plaintiff's home and implanted Plaintiff's service animal with a microchip on the right side of his skull.

(Doc. No. 6 [Am. Compl.].)  Because the Complaint was superseded by the Amended Complaint, neither Defendant nor the court need consider assertions or documents provided only in the Complaint and not the Amended Complaint.  However, both Defendant's Motion and Plaintiff's Response rely on the allegations in the original Complaint.  As such, the court considers Plaintiff's original Complaint as well as her Amended Complaint.

In Plaintiff's original Complaint, Plaintiff alleges she was injured "as a result of her surgery at the VAMC [Veterans Affairs Medical Center] in 2005 by a physician who during the course and scope of his duties, unlawfully and without informed consent implant[ed] the Plaintiff with microchips."  (*Id.* at 2, ¶ 9(b).)  Plaintiff states the surgery occurred at the VAMC in Little Rock, Arkansas.  (*Id.* at 3, ¶ 9(c).)  Plaintiff also claims a microchip device was implanted at the VA Medical facility in Dallas, Texas.  (*Id.* at 3, ¶ 11.)  Plaintiff alleges,

> For thirteen years, Plaintiff has been bound, enslaved by a government who sought to control her indefinitely.  Control her thoughts, control who she talked to, control every move she made.  And if she didn't talk, or act the way they approved of, all they had to do was send a beam to her skull which penetrated her brain.  All they had to do was change the frequency of the devices. According to the government pain was needed to change behavior.  And according to them, I needed to experience lots of pain.  Thirteen years of pain to be exact.

(*Id.* at 3, ¶ 9(d).)

Plaintiff also assert claims on behalf of her daughter[1], who Plaintiff asserts suffered harmful effects "from witnessing (and in some cases being coerced into participating in) psychological harassment against her own parent and threats against her safety if she revealed any actors of agents or their participation" (*id.* at 5, ¶ 26), and on behalf of her service dog, who Plaintiff alleges has been implanted "with a microchip on the right side of his skull, for his pain and suffering" (*id.*, ¶ 27) and "in order to keep track of the Primary Plaintiff" (*id.*, ¶ 30).

Regarding Defendant St. David's Healthcare Partnership, L.P., LLP d/b/a St. David's North Austin Medical Center ("NAMC"), incorrectly identified in the Amended Complaint as St. David's Medical Center (*see* Mot. at 1), Plaintiff alleges the defendant "[f]alsif[ied] a medical x-ray . . . to hide/conceal image of microchip in Plaintiff['s] chest" (Am. Compl. at 4, ¶ 14) and that on December 20, 2015, Defendant NAMC "corroborated with the VA to conceal the identity of the microchip which was implanted by the VA in 2005, from an x-ray." (*Id.* at 6, ¶ 34.)

Defendant NAMC seeks dismissal of Plaintiff's claims for lack of personal jurisdiction and for failure to state a claim upon with relief can be granted.[2] (*See* Mot.)

---

[1] Plaintiff attaches her daughter's immunization record in support of Plaintiff's allegations that Plaintiff's daughter was immunized at the request of a college at which Plaintiff's daughter had been accepted for admission. (Compl. at 29, ¶ 55; Attach. 1 at 144.) Plaintiff claims her daughter received a vaccine to protect against the ANTHRAX virus. (*Id.*) It appears at the time Plaintiff filed her initial complaint, Plaintiff's daughter was an adult with a birthdate of May 13, 1997. (*See* Compl., Attach. 1 at 144.)

[2] The court recommends dismissal, *infra*, based on lack of personal jurisdiction. As such, it need not address Defendant's other argument.

**STANDARDS OF REVIEW**

A.  **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

B.  *Lack of Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiff's

burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The allegations in Plaintiff's complaint " 'must be taken as true to the extent they are uncontroverted by the defendant's affidavits.' " *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiff's favor, and "plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted). Only well-pleaded facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.*

The personal jurisdiction analysis begins with two questions. First, the court asks "whether any applicable statute authorizes the service of process on defendants." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Second, the court "examine[s] whether the exercise of such statutory jurisdiction comports with constitutional due process demands." *Id.*

The Due Process Clause permits the exercise of personal jurisdiction over nonresident defendants when two conditions are met. First, a defendant must have "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Second, if sufficient minimum contacts are shown, the Due Process Clause requires that the exercise of personal

jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F.Supp.2d 1186, 1190 (D. Colo. 2004).

The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations and citations omitted). Where a court's exercise of jurisdiction does not directly arise from or relate to a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415–16 (1984). However, to be subject to general jurisdiction in a forum state, a defendant's affiliations with that state must be "so 'continuous and systematic' as to render [it] essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks and citation omitted).

## ANALYSIS

None of the federal statutes upon which the plaintiff asserts jurisdiction provides for nationwide service of process. *See* 28 U.S.C. § 1346(b); 38 U.S.C.§ 1151; 42 U.S.C § 12182; 42 U.S.C. § 1983; 7 U.S.C. § 2131–§ 2157. Accordingly, the court proceeds to the second part of the personal jurisdiction analysis. *See Dudnikov*, 514 F.3d 1063, 1070.

Plaintiff states that Defendant NAMC "is a civilian hospital located in Austin, TX." (Am. Compl. at 6, ¶ 34.) However, Plaintiff's allegations that Defendant NAMC "[f]alsif[ied] a medical x-ray . . . to hide/conceal image of microchip in Plaintiff['s] chest" (Am. Compl. at 4, ¶

6

14) and that it "corroborated with the VA to conceal the identity of the microchip which was implanted by the VA in 2005, from an x-ray" (*id.* at 6, ¶ 34), are insufficient to show that Defendant NAMC directed any of its alleged actions at Colorado. *Burger King Corp.*, 471 U.S. at 472. Plaintiff's Complaint and Amended Complaint are devoid of any allegations that Defendant NAMC has any general business contacts with Colorado. *Helicopteros Nacionales*, 466 U.S. at 415–16. Finally, Defendant NAMC's alleged conduct occurred in Texas, and Plaintiff does not allege that Defendant NAMC engages in continuous and systematic contacts with Colorado that would render it at home here. *See Daimler AG*, 571 U.S. at 127.

Plaintiff has not sustained her *prima facie* burden of showing that personal jurisdiction exists. In the absence of a *prima facie* showing of personal jurisdiction, Defendant NAMC's motion to dismiss for lack of personal jurisdiction should be granted.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Defendant St. David's Healthcare Partnership, L.P., LLP d/b/a St. David's North Austin Medical Center's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim" (Doc. No. 9) be **GRANTED** and that the claims against Defendant St. David's Medical Center be dismissed without prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-*

*Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of February, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge